OPINION
Defendant-appellant Dean A. Guy appeals his convictions for speeding and failure to wear a seat belt, following a bench trial in the Ashland Municipal Court. The State of Ohio is plaintiff-appellee.
 STATEMENT OF THE FACTS AND CASE
On or about August 14, 1999, appellant operated a 1994 Peterbilt truck on U.S. Rt. 30 in Ashland, Ohio. Ohio State Highway Patrol Trooper David Keener was stationary on U.S. Rt. 30, west of S.R. 60, in a paved crossover when he observed two semi-tractor trailers traveling together in the right lane approaching him. Trooper Keener stopped both semis and testified appellant was operating the second semi. Trooper Keener testified the speed of appellant's vehicle, as read by the LTI 20/20 laser, was 66 mph, which reading was consistent with Trooper Keener's visual estimation of appellant's speed. Trooper Keener issued citations to appellant for speeding[1] and failure to wear a seat belt.
Trooper Keener testified he had 6 ~ years experience as a state trooper, was trained in the use of the LTI 20/20 laser for measuring speed, and uses the laser on a daily basis. Trooper Keener also testified as to his prior experience in determining the weight of a vehicle such as that driven by appellant. Trooper Keener has weighed vehicles on the platform scales in Ashland County and has observed portable scales used to determine the weight of vehicles. Based upon that prior experience, Trooper Keener testified he determined the weight of appellant's semi was over 8,000 pounds, unloaded.
Trooper Keener ran appellant's driver's license through the BMV, using appellant's social security number. The State offered, and the trial court admitted into evidence over appellant's objection, State's Exhibits 2 and 3. The two exhibits were certified copies of appellant's prior speeding convictions.
In contrast to Trooper Keener's testimony, appellant testified there were multiple commercial and noncommercial vehicles around him at the time of the stop and he was the first, not the second, semi in line. Appellant further testified he was wearing his seat belt.
After hearing the evidence, the trial court convicted appellant of both offenses and sentenced him accordingly. It is from those convictions appellant prosecutes his appeal, assigning as error:
 I. THE TRIAL COURT ERRED WHEN IT ADMITTED INTO EVIDENCE CERTAIN DOCUMENTS WITHOUT ANY FOUNDATION.
 II. THE TRIAL COURT ERRED WHEN IT MADE ITS RULING CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE WHEREIN THE STATE OF OHIO DID NOT MEET THE BURDEN OF PROOF BEYOND A REASONABLE DOUBT.
 III. THE TRAIL COURT ERRED IN ADMITTING EVIDENCE OF THE WEIGHT OF DEFENDANT'S VEHICLE WITHOUT PROPER FOUNDATION.
 I
Herein, appellant alleges the trial court erred in admitting State's Exhibits 2 and 3 over his objection, without any foundational testimony. Appellant asserts he was denied due process and the right to confront witnesses because no one testified on behalf of the State as to appellant's prior speeding convictions.
State's Exhibits 2 and 3 were certified copies of appellant's prior speeding convictions.
Evid. R. 902(4) provides:
 Extra evidence of authenticity as a condition precedent to admissibility is not required as respect to the following:
(4) Certified copies of public records.
 A copy of an official record of report or entry therein, or of a document authorized by law to be recorded or filed in a public office, including data copulations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with (1) (2) or (3) of this rule or complying with any law of a jurisdiction, state or federal or rule prescribed by the Supreme Court of Ohio.
Upon review of the questioned exhibits, we conclude they are certified copies of appellant's prior convictions for speeding and admissible pursuant to the above evidentiary rule. This Court has previously found certified copies of prior convictions admissible under Evid. R. 902 inState v. Drabic[2]. Given the fact the social security number and name on both exhibits match that obtained by Trooper Keener upon appellant's arrest, we find the trial court did not commit error in admitting State's Exhibits 2 and 3.
Appellant's first assignment of error is overruled.
 II
Herein, appellant argues the trial court's judgment was against the manifest weight of the evidence. In support of his argument appellant notes the inconsistency between Trooper Keener's testimony and his own testimony relative to whether there were other semis and noncommercial vehicles on the road at the time of the stop, whether appellant's vehicle was the first or second vehicle in line, and whether appellant was wearing his seat belt. Appellant argues ". . . when there are two divergent explanations of fact from two different witnesses, this establishes reasonable doubt."[3]
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins (1997), 78 Ohio St.3d 380,387 citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. Statev. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
When applying this standard to the facts noted supra, we do not find the trial court's judgment was against the manifest weight of the evidence.
Appellant's second assignment of error is overruled.
 III
Herein, appellant argues the trial court erred in allowing Trooper Keener to testify relative to the weight of appellant's vehicle without a proper foundation. Based upon the past training experience of Trooper Keener in weighing vehicles as noted supra, we reject appellant's argument based upon this Court's ruling in State v. Brooks.[4]
Assuming, arguendo, the admission of this testimony was erroneous, appellant would be unable to demonstrate prejudice based upon the fact the testimony as to appellant's speed was 66 mph. As such, appellant would be speeding regardless of the weight of the vehicle.
Appellant's third assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland Municipal Court is affirmed. Costs assessed to appellant.
Hoffman, P.J. Farmer, J. and Boggins, J. concur.
[1] The original complaint charged a third speeding offense within one year, but was amended to a second speeding offense within one year.
[2] State v. Drabic (Jan. 2, 1996), Tuscarawas Appeal No. 95AP020005, unreported.
[3] Appellant's Brief at 7.
[4] State v. Brooks (June 29, 1999), Ashland County Appeal No. 98-COA-01268, unreported.